IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LATRELL ALBRITTON, #217334, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-177-WKW |
| ) | |
| DAVID JONES, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Latrell Albritton, a state inmate currently incarcerated at the Ventress Correctional Facility based on the revocation of his probation by the Circuit Court of Butler County, Alabama. In this complaint, Albritton challenges the constitutionality of adverse testimony provided by the defendant during the probation revocation process on which the state court relied in making its decision to revoke probation. Doc 1 at 3. Albritton names David Jones, a deputy with the Butler County Sheriff's Department, as the defendant and seeks monetary damages for his alleged "wrongful imprisonment[.]" Doc. 1 at 4.

Upon thorough review of the complaint, the undersigned concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).[1]

---

[1]This court granted Albritton leave to proceed *in forma pauperis* in this case. Doc. 3. Even though Albritton submitted payment of an initial partial filing fee, the court remains obligated to screen the complaint for possible summary dismissal. 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid,

## II.  DISCUSSION

### A.  Perjury Claim

Albritton alleges that defendant Jones testified "falsely (lie) in order to cause and ensure a wrongful conviction."  Doc. 1 at 2.  Specifically, Albritton complains the testimony provided by defendant Jones resulted in the state court's revocation of his probation.  Doc. 1 at 3 (The testimony provided by defendant Jones "was used in the probation violation process to violate Albritton's previous sentence[.]").  This claim provides no basis for relief in the instant cause of action as the law is well-settled that 42 U.S.C. § 1983 does not authorize the assertion of a damages claim for alleged acts of perjury during state court proceedings.  *Briscoe v. LaHue*, 460 U.S. 325, 334–36 (1983) (all witnesses, including government officials, are entitled to absolute immunity from damages liability for their testimony in judicial proceedings); *Freeze v. Griffith*, 849 F.2d 172, 174 (5th Cir. 1988) (holding that whether an individual lied as either a witness or petit juror is immaterial because "he is absolutely immune from liability for damages under 42 U.S.C. § 1983."); *Austin v. Borel*, 830 F.2d 1356, 1359 (5th Cir. 1987) ("Witnesses, including police officers, who testify in judicial proceedings are . . . shielded by absolute immunity.").  In light of the foregoing, the plaintiff's perjury claim fails to state a claim on

---

the court shall dismiss the case" for the reasons set forth herein.).  Specifically, the screening procedure requires the court to "dismiss the case at any time if the court determines that— . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see also* 28 U.S.C. §§ 1915A(b)(1)-(2) ("On review [of a prisoner's complaint], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief.").

which relief may be granted and is therefore subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

### B.  Challenge to Probation Revocation

Albritton alleges the revocation of probation by the Circuit Court of Butler County, Alabama based on the testimony of defendant Jones constituted a "wrongful conviction" and resulted in his current "wrongful imprisonment." Doc. 1 at 2–4. This allegation goes to the fundamental legality of Albritton's probation revocation and the resulting sentence on which he is now incarcerated. In accordance with well-established law, Albritton is entitled to no relief on any claim attacking the validity of the state court's decision to revoke his probation. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a complaint challenging the legality of a prisoner's conviction or sentence and seeking monetary damages for relief is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or

3

injunctive relief.  "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or other judgment on which his incarceration is based]; if he makes allegations that are inconsistent with the [decision] having been valid, *Heck* kicks in and bars his civil suit."  *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646–48.  "*Heck* applies to parole and probation revocation proceedings. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 516 U.S. 851, 116 S.Ct. 148, 133 L.Ed.2d 93 (1995)."  *Holt v. Gibbs*, 2009 WL 111643, at *2 (M.D. Ga. Jan. 14, 2009); *Mack v. Fox*, 2008 WL 4610029, at *2 (M.D.N.C. Oct. 15, 2008), aff'd, 328 F. App'x 257 (4th Cir. 2009) ("It is well settled that *Heck* applies to probation revocations. *See Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir.1997) (stating that *Heck* applies to any suit 'premised . . . on the invalidity of confinement pursuant to some legal process[.]'); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (applying *Heck* to a probation revocation proceeding).").

The law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and [a ruling in his favor would result in] immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  *Heck*, 512 U.S. at 481.  The "sole remedy in federal court" for a prisoner challenging the constitutionality of incarceration on a sentence of a state court is a petition for writ of habeas corpus.  *Balisok*, 520 U.S. at 645; *Okoro*, 324 F.3d at 490 (noting *Heck* directs that a state inmate "making a collateral attack on the [basis for his confinement] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute.").  An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must

4

accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996). Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649. "Later, in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S.Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (alterations in original).

It is clear that the revocation of probation and the sentence imposed upon revocation which form the basis for Albritton's current incarceration have not been reversed, expunged, impugned or invalidated in an appropriate state or federal action. Thus, under the circumstances of this case, *Heck* and its progeny bar Albritton's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of the state court's revocation of his probation.

5

*Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion.").  Hence, Albritton's challenge to the fundamental legality of his probation revocation and current imprisonment based on such revocation is not cognizable in this civil action as it provides no basis for relief at this time and this challenge is therefore due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claim for damages from David Jones for the provision of alleged false testimony be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) as this claim entitles him to no relief.

2. The plaintiff's claim challenging the fundamental legality of the revocation of his probation by the Circuit Court of Butler County, Alabama be DISMISSED without

---

[2]Albritton is advised that any federal habeas petition he files is subject to the procedural limitations imposed upon such petitions, in particular, the exhaustion of state court remedies and the one-year limitation period.  *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus [filed] on behalf of a [state inmate] shall not be granted unless it appears that . . . the applicate has exhausted the remedies available in the courts of the State[.]"); 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

6

prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claim currently provides no basis for relief in the instant cause of action.

3. This case be dismissed prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

On or before **May 26, 2020**, the plaintiff may file objections to this Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 11th day of May, 2020.

                               /s/   Charles S. Coody
                               UNITED STATES MAGISTRATE JUDGE